**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENENSSEE**
**WESTERN DIVISION**

_____

| | |
|---|---|
| IN RE: | |
| BEP SERVICES, LP, et al, | Case No. 01-28002-K |
|     Debtor. | Chapter 11<br>JOINTLY ADMINISTERED |
| GEORGE W. EMERSON,<br>TRUSTEE OF BEP CREDITOR'S<br>TRUST, | |
|     Plaintiff | |
| v. | Adversary Proc. No. _____ |
| BEP SERVICES, LP, BEP SERVICES (SOUTHERN), L.L.C., FOREST HILL HOLDINGS, L.L.C., FOREST HILL INVESTORS, L.L.C. and DHS/DIVERSIFIED HEALTH SERVICES, INC., | |
|     Defendants. | |

_____

**COMPLAINT TO OBTAIN DECLARATORY JUDGMENT SEEKING INTERPRETATION AND INSTRUCTION OF THE PROVISIONS OF THE  SECOND AMENDED JOINT CONSOLIDATED PLAN OF LIQUIDATION, THE CONFIRMATION ORDER, AND THE  RELATED BEP CREDITOR'S TRUST AGREEMENT AND PROVISIONS THEREIN**

_____

COMES NOW George W. Emerson, Trustee of the BEP Creditor's Trust ("Trustee"), by and through undersigned counsel and files this Complaint to Obtain Declaratory Judgment Seeking Interpretation and Instruction of the Provisions of the Second Amended Joint Consolidated Plan of Liquidation, the Confirmation Order, and the Related BEP Creditor's Trust

Agreement and Provisions Therein (the "Trust" or "Trust Agreement"), and respectfully represents as follows:

**JURISDICTION AND PARTIES**

1. This Court has jurisdiction to hear the instant Complaint pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334(b).

2. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A)(B) and (O).

3. The instant proceeding constitutes an adversary proceeding brought pursuant to Fed. R. Bankr. P. 7001(9) in the above referenced jointly administered and substantively consolidated cases as described below, pending in this jurisdiction.

4. On September 4, 2001, BEP Services, LP ("BEP") filed a voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the above styled case filed as case number 01-28002.

5. On May 31, 1001, Forest Hill Holdings, LLC ("Forest Hill Holdings") filed a voluntary Petition for relief under Chapter 11 of the Bankruptcy Code commencing its case in this District as case number 01-28003.

6. On May 31, 1001, Forest Hill Investors, LLC ("Forest Hill Investors") filed a voluntary Petition for relief under Chapter 11 of the Bankruptcy Code commencing its case in this District as case number 01-28004.

7. On May 31, 1001, BEP Services (Southern), LLC ("BEP Southern") filed a voluntary Petition for relief under Chapter 11 of the Bankruptcy Code commencing its case in this District as case number 01-28005.

8. The Debtor, in each of the above referenced cases, filed a Motion on June 1, 2001 seeking joint administration of the four (4) referenced cases. By Order entered June 6, 2001, joint

administration of case numbers 01-28002, 01-28003, 01-28004, and 01-28005 was granted with all future pleadings to be filed in case number 01-28002.

9. On September 4, 2001, DHS/Diversified Health Services, Inc. d/b/a Service Master Diversified Health Services, Inc. ("DHS") filed a voluntary Petition for relief under Chapter 11 of the Bankruptcy Code, commencing its case in this District as case number 01-33369.

10. On September 19, 2001, DHS filed a Motion seeking joint administration of its Chapter 11 case with the above referenced administered cases referenced as "BEP-01-28002".

11. On October 19, 2001, the Court entered an Order granting the Motion for joint administration of the DHS Chapter 11 case with the other jointly administered cases with all future pleadings to be filed in BEP, case number 01-28002.

12. The above referenced Debtors are hereafter collectively referred to as "Debtor" or "BEP".

13. On September 10, 2002, Debtor filed its Second Amended Joint Consolidated Chapter 11 Plan of Liquidation ("Second Amended Plan").

14. On December 3, 2002, an Order was entered confirming the Second Amended Plan (the "Confirmation Order").

15. Pursuant to Article IV of the Second Amended Plan and Confirmation Order, the Debtor entities and the respective assets and liabilities of each were substantively consolidated into two (2) consolidated entities. BEP, BEP Southern, and DHS were substantively consolidated and thereafter referred to in the Second Amended Plan and the Confirmation Order as the "Consolidated Operating Companies".

16. Forest Hill Holdings and Forest Hill Investors were substantively consolidated and thereafter referred to in the Second Amended Plan and Confirmation Order as the "Consolidated Holding Companies".

M EFC 753017 v1
2790478-000001  03/16/04

17. The Second Amended Plan as confirmed, provided for the creation of the BEP Creditor's Trust. The Trust Agreement was entered into among the Consolidated Holding Companies, the Consolidated Operating Companies and George Emerson, as Trustee on December 13, 2002.

18. The Trust Agreement provided that the beneficiaries of the Trust would be the Class 2G and the Class 2H creditors as more particularly defined under the Second Amended Plan.

19. Under the Second Amended Plan as confirmed, the Class 2G claims (hereinafter, the "Class 2G Claims" or "Class 2G Claimants") are listed as "all allowed, general unsecured claims of the Consolidated Operating Companies".

20. Pursuant to paragraph seven (7) of the Confirmation Order, the Class 2H claims (hereinafter the "Class 2H Claims" or "Class 2H Claimants") were defined as:

> "Class 2H includes all claims against the Debtor, whether pre-petition or post petition, arising from tort actions against the Debtor or for which the Debtor is responsible (including punitive damages claims), to the extent that such claims are not satisfied by Debtor's insurance."

21. The confirmed plan provides for continuing jurisdiction of any issue arising out of the Second Amended Plan or the administration of the Trust. See Second Amended Plan of Reorganization, Article IV, C.

22. The Trust Agreement also provides that jurisdiction over any claim or issue arising out of this Agreement shall be in the United States Bankruptcy Court for the Western District of Tennessee, Western Division. See Trust Agreement, § XIV, entitled, Governing Law.

23. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et. seq., the Trustee, as a party in interest, is entitled to a declaration of his rights, duties, and obligations memorialized in the Trust Agreement.

M EFC 753017 v1
2790478-000001  03/16/04

## THE CONFIRMED PLAN AND THE TRUST AGREEMENT

24. Upon creation of the Trust on or about December 13, 2002, Debtor transferred and assigned to the Trust all of Debtor's rights, title and interest in the following Purchase Money Notes:

   a. The $3,935,000.00 Note resulting from the sale of Debtor's interest in West Seven Mile Road, LLC (Arnold Home);

   b. The $388,000.00 Note resulting from the sale of the assets of the Countryside Manor nursing home previously owned by DHS of Connecticut, LLC (Countryside); and

   c. The $680,000.00 Note resulting from the sale of the assets of the Raintree Manor nursing home previously owned by McMinnville Investors, LLC (Raintree) and all mortgages, security agreements and collateral documents entered into in connection with the Purchase Money Notes referenced above.

25. As of the execution of the Trust Agreement, the remaining assets remain titled in the name of the Debtor until such time as certain conditions were met as more particularly described below. The Debtor was entitled to administer the remaining assets until such time as the Debtor received an "aggregate amount of $700,000.00 plus net remaining cash available to the Debtor after distributions to Class 1 - 2F of the confirmed Second Amended Plan".

26. Once the above maximum amounts were reached by the Debtor, all remaining assets including:

   a. All accounts receivable;

   b. All causes of action, including, but not limited to, those under Section 544, 545, 547, 548 of the Bankruptcy Code; and

M EFC 753017 v1
2790478-000001  03/16/04

    c. Those claims listed in Exhibit A attached to the Confirmation Order were to be assigned to the Trust.

27. Upon information and belief, the conditions required under the Trust Agreement and Confirmation Order were obtained as of December, 2003 and the remaining assets were assigned to the Trust.

28. Under the terms of the Trust, the Trust is to collect all payments of principal and interest pursuant to the Purchase Money Notes and liquidate all assets assigned to it in a reasonable and prudent manner.

29. The duties, powers and rights of the Trustee are more specifically set forth in Section V of the Trust Agreement as follows:

    a. To receive the Purchase Money Notes and any other property transferred to the Trust from the Consolidated Operating Companies in accordance with the Plan and the provisions of this Agreement;

    b. To take all necessary and reasonable steps to collect the Purchase Money Notes and to liquidate any other assets transferred to the Trust;

    c. To distribute funds from the Trust Account to Class 2G and Class 2H Creditors in accordance with the terms of this Agreement;

    d. To pay such expenses incurred in connection with the administration of the Trust and this Agreement including Trustee's compensation, accountants, or agents' fees, attorneys or other professionals or agents' fees, and taxes due. Trustee is authorized to pay said expenses in accordance with payment procedures set out in Section IV above.

  e. To distribute the balance of the Trust Assets to Class 2I, after determination, payment and satisfaction of all Class 2G and 2H Claims.

  f. To review and approve any compromise or settlement tendered by the Debtor as set forth below: Any offer to be made or received by the Debtors which compromises the value of an asset by, or involves an amount of; $200,000 or more is subject to review and approval by the Trustee of the Creditor's Trust. Notice of any such offers shall simultaneously be given by the Debtors to the Trustee of the Creditor's Trust and to attorneys for The ServiceMaster Company and the Wilkes & McHugh Tort Claimants, which notice shall given so as to allow the attorneys for ServiceMaster Company and the Wilkes & McHugh Tort Claimants to consult with the Trustee prior to the expiration of the disapproval deadline, if appropriate. If the Trustee does not disapprove the offer within two business days of receipt of the offer, then the offer may be accepted, rejected, or countered by the Debtor in its sole discretion. If the Trustee and the Debtor disagree on the propriety, content or substance of an offer or response, then the Debtor may seek authority of the Court to accept or reject said offer.

  g. To make advances to the Liquidating Debtor as set forth in the Plan.

30. The Trust identifies specific intended beneficiaries, listed as the Class 2G Claimants and Class 2H Claimants. Under the terms of the Trust Agreement and the Second Amended Plan as confirmed, the Trustee is to pay the claims of the Class 2G Claimants and the Class 2H Claimants within thirty (30) months from the Effective Date of the Second Amended Plan.

M EFC 753017 v1
2790478-000001  03/16/04

31. Upon information and belief, Debtor has exhausted its assets in administration of the post confirmation estate and has ceased operations, including the closing of its remaining office and dismissal of all remaining employees.

32. The Debtor has no assets with which to comply with the provisions of the Second Amended Plan and Confirmation Order, including the required duties of objecting to claims and amended claims filed by Class 2H Claimants.  The Debtor has no funds with which to defend pre-petition or post petition tort actions, naming the Debtor as a Defendant, which costs are not provided for by existing insurance coverage.

33. Moreover, it appears from a good faith examination of the status of liquidation of assets and the claims allowance process, that a distribution of the Trust assets can not be made within thirty (30) months of the Effective Date of the Second Amended Plan as required under the Confirmation Order and the Trust Agreement.

34. Demand has been made upon the Trust for expenditure of Trust assets for attorney's fees in the defense of post petition claims made against Debtor, for attorney's fees incurred by the debtor in representation on matters post petition(pre-confirmation and post confirmation) which remain unpaid, for a determination of insurance coverage as to certain claims made against Debtor, for retention of medical and other records of the Debtor, for fees incurred pursuant to 28 US.C. § 1930(a)(6), for monitoring and providing documentation necessary to defend claims made against Debtor, which claims have not yet resulted in a valid, final and non-appealable judgment for monetary damages against the Debtor or have been denied, and for the costs of providing a corporate representative at various depositions, evidentiary hearings, and trials relating to the Class 2H Claims.

M EFC 753017 v1
2790478-000001  03/16/04

35. It is not evident from a review of the powers and duties of the Trust as set forth above that the Trustee is authorized to expend Trust assets for the purposes set forth in paragraph 34 above.

36. In accordance with the terms of the Second Amended Plan, Confirmation Order and the Trust Agreement, the Trustee requests the Court to interpret and instruct the Trustee as to the following issues:

   a. Is the Trust responsible for payment of the costs of records storage for retention of medical and related records of Debtor?

   b. Is the Trust responsible for payment of fees incurred post confirmation pursuant to 28 U.S.C. § 1930(a)(6) ("U.S. Trustee's Fees")?

   c. Is the Trust responsible for payment of attorney's fees to defend lawsuits filed pre-petition and post petition against Debtor for which there is no insurance coverage or inadequate insurance coverage?

   d. Is the Trust responsible for attorney's fees incurred by the debtor in representation on matters post petition(pre-confirmation and post confirmation) which remain unpaid,

   e. Is the Trust responsible for payment for time and expenses incurred by former officers of Debtor, acting as a corporate representative in the defense of tort actions filed against Debtor, including costs and expenses incurred in providing a corporate representative for depositions, related discovery proceedings, and trials?

   f. Is the Trust responsible for payment of fees incurred in objecting to amended claims filed by Class 2H Claimants and/or in addition responsible for review and objection to such Class 2H Claims?

M EFC 753017 v1
2790478-000001  03/16/04

    g. Is the Trust responsible for the costs of defense of action filed against DHS by Chicago Insurance Company, as case number 03-2337 Ma A, currently pending in the United States District Court for the Western District of Tennessee to determine coverage of certain tort actions filed against Debtor and the related thirty party action filed by DHS against Marsh USA, Inc. to determine the existence of "excess insurance coverage"?

    h. Is the Trust responsible for monitoring pending tort litigation filed against the Debtor for which insurance coverage exists?

    i. Is the Trust responsible for any attorney's fees incurred by counsel for Debtor related to any of the issues outlined above?

    j. May the required period for distribution to Class 2G and Class 2H Claimants be extended in excess of the thirty (30) month period set forth under the Second Amended Plan and the Trust Agreement?

37. The Trustee has researched and will offer documentary and testimony evidence at the hearing on the instant Complaint to establish that the Trustee has received demand and request for payment related to the issues outlined above in paragraph 36.

38. Moreover, the Trustee will offer documentary and testimony evidence demonstrating that the liquidation and administration of the Class 2H Claims may be rendered impossible if declaratory relief, including clarification and instructions regarding the specific duties of the Trust is not provided by the Court pursuant to its continued jurisdiction.

**COUNT I -- DECLARATORY JUDGMENT**

39. Trustee incorporate paragraphs 1 through 38 of the Complaint as if fully set forth herein.

M EFC 753017 v1
2790478-000001  03/16/04

40. Upon information and belief, the Trustee, Debtor and the Class 2H Claimants dispute the responsibility of the payment of expenses and for fees incurred as outlined in paragraph 36 which are not covered by insurance.

41. The Second Amended Plan, Confirmation Order and Trust Agreement do not define the Trustee's responsibilities as to resolution of the liabilities of Debtor which may result in an increase in the size and amount of the Class 2H Claims.

42. An actual controversy exists between the Trust, the Debtor, and the Class 2H Claimants, including potential and additional Class 2H Claimants, as to the responsibility for the payment of fees and expenses as more particularly outlined in paragraph 36.

43. The parties have interests of sufficient immediacy in that the Trustee alleges that the Confirmed Plan and Trust cannot be administered absent a declaration of the responsibilities regarding the payment of fees and expenses not covered by insurance and defining the responsibilities of the Trust with regard to the resolution of liabilities of the Debtor which may result in an increase in the size and amount of the Class 2H Claims.

44. The Trust, Debtor and Class 2G and Class 2H Claimants have personal stakes in the outcome of any declaration of the responsibilities of the Trust.

45. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the Trust and other parties in interest are entitled to a declaration and instruction as to the responsibilities for payment of fees and expenses by the Trust as more particularly outlined in paragraph 36.

WHEREFORE, Trustee respectfully requests this Court hold a hearing on the instant Complaint, after notice to the Class 2G, Class 2H and Class 2I Claimants and other parties in interest, and after hearing such evidence to be tendered by the Trust, grant declaratory relief providing for interpretation and instruction to the Trustee with regard to the duties and

M EFC 753017 v1
2790478-000001  03/16/04

responsibilities of the Trustee as outlined in paragraph 36 above and for such other and further relief as this Court deems just and proper.

          Respectfully submitted,

          BAKER DONELSON BEARMAN
          CALDWELL & BERKOWITZ, PC

          /s/ E. Franklin Childress, Jr.
          E. Franklin Childress, Jr. (07040)
          165 Madison Ave., Suite 2000
          Memphis, TN  38103
          Email:  fchildress@bakerdonelson.com
          Telephone:  901.526.2000
          Facsimile:  901.577.0845

          Attorney for the Trustee