**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

IN RE:

BEP SERVICES, L.P., et al,　　　　　　　　　Case No. 01-28002 DSK
　　　　　　　　　　　　　　　　　　　　　　Chapter 11
Debtors.　　　　　　　　　　　　　　　　　Jointly Administered

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT AND ALLOW CLAIM IN AGREED UPON AMOUNT**

COMES NOW BEP Creditor's Trust through George W. Stevenson, its Successor Trustee ("Trustee") and BEP Services, L.P., Debtor-in-Liquidation ("BEP") and jointly move this Court to allow the unsecured claim filed by the Estate of Lois Cooper, by and through Vera Woodard, Administratrix (the "Claim"), in a compromised amount pursuant to 11 U.S.C. § 502, and Rules 3007 and 9019 of the Fed. R. Bankr. P. and as grounds therefore state as follows:

**JURISDICTION**

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B). Venue is proper before this Court under 28 U.S.C. § § 1408 and 1409.

**BACKGROUND FACTS AND THE CONFIRMED SECOND AMENDED JOINT CONSOLIDATED PLAN OF LIQUIDATION**

1. On May 31, 2001, BEP and certain related Debtors, including BEP Services, L.P. (Southern, LLC), Forest Hill Holdings, LLC, and Forest Hill Investors, LLC filed voluntary petitions under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

Case 01-28002    Doc 983    Filed 02/21/08    Entered 02/21/08 23:37:08    Desc Main
            Document        Page 2 of 8

*Page 2 of 8*
*BEP Services, L.P., et al*
*Motion to Allow Claim*
*in Agreed Upon Amount*

_____

2. On September 4, 2001, DHS/Diversified Health Services, Inc. filed its voluntary petition under Chapter 11 of the Bankruptcy Code (BEP and the other Debtors referenced herein collectively referred to as "BEP" or "Debtors").

3. Pursuant to Court order, the estates of the Debtors were jointly administered.

4. On or about September 10, 2002, Debtors filed their Second Amended Joint Consolidated Plan of Liquidation (the "Second Amended Plan").

5. By Order entered December 3, 2002, the Second Amended Plan was confirmed.

6. Under the terms of the Second Amended Plan, the BEP Creditor's Trust (the "Trust") was created. George W. Stevenson serves as the Successor Trustee of the Trust.

7. The Trust serves to benefit specific intended beneficiaries classified as Class 2G and Class 2H Creditors. The Class 2G Creditors consist of creditors holding allowed unsecured claims against the Debtors. Class 2H Claims include creditors holding claims against any of the Debtors, whether pre-petition or post petition arising from tort actions against the Debtors or for which the Debtors are responsible (including punitive damage claims) to the extent such claim is not satisfied by the Debtors' insurance.

**CLAIM OF ESTATE OF LOIS COOPER**

8. On or about September 18, 2001, the Claim was filed by the Estate of Lois Cooper, by and through Vera Woodard, Administratrix ("Claimant").

9. In the Claim filed, Claimant asserted that certain parties, including Debtor were negligent in the care of Lois Cooper while a patient at the Graceland Nursing Center, resulting in her death.

Case 01-28002    Doc 983    Filed 02/21/08    Entered 02/21/08 23:37:08    Desc Main
Document    Page 3 of 8

*Page 3 of 8*
*BEP Services, L.P., et al*
*Motion to Allow Claim*
*in Agreed Upon Amount*

10. Pursuant to Agreed Order entered in this case on October 26, 2001 [Docket No. 270], Claimant was granted relief from the automatic stay imposed pursuant to Section 362 of the Bankruptcy Code ("Automatic Stay") in order to pursue a state court cause of action against BEP.

11. By Order entered April 24, 2003 [Docket No. 857], the omnibus objection to certain unliquidated tort claims filed by BEP was withdrawn without prejudice, including the objection to the Claim.

12. Upon modification of the Automatic Stay, the State Court action filed by Claimant proceeded in the Circuit Court of Shelby County, Tennessee against BEP and certain other defendants. The claims asserted by Claimant included negligence, negligence Per Se, and violation to the Tennessee Adult Protection Act and the Nursing Home Residence Rights Act and outrage under which Claimant demanded $10,000,000.00 in damages in the Complaint filed.

13. As the state Court action proceeded, a settlement demand was made against BEP for the sum of One Million Dollars ($1,000,000.00).

14. Debtor's insurer providing coverage for the Graceland Nursing Center was placed in a state court receivership action and is currently in receivership. Counsel was provided to Debtors to defend the state court action through the Tennessee Insurance Guaranty Association ("TIGA"). Debtors have been represented in the State Court Action by the firm of Glanker Brown, PLLC and particularly John Houseal and Natasha Nassar pursuant to the provisions of TIGA.

Case 01-28002    Doc 983    Filed 02/21/08    Entered 02/21/08 23:37:08    Desc Main
              Document        Page 4 of 8

*Page 4 of 8*
*BEP Services, L.P., et al*
*Motion to Allow Claim*
*in Agreed Upon Amount*

15. Counsel for the Debtors along with counsel for the Trust, participated in mediation in attempt to resolve the state court action and the Claim.

16. Pursuant to the mediation, a negotiated settlement has been reached under which the sum of $25,000.00 will be paid to Claimant by TIGA and in addition, allowing the Claim in this case as a Class 2H Claim in the amount of $185,000.00 ("Compromise Claim Amount").

17. Counsel provided by TIGA, counsel for BEP and counsel for the Trust support allowance of the Claim in the Compromise Claim Amount as a 2H Claim as a reasonable and appropriate compromise based upon the facts and circumstances underlying the Claim.

18. Should the settlement and Compromise Claim Amount not be approved, the state court action will proceed to a trial before a jury in Shelby County at some point in 2008, further delaying the administration and closing of this case.

**RELIEF REQUESTED**

19. By this Motion, BEP, and the Trust respectfully request entry of an Order pursuant to Fed. R. Bankr. P. 3007 and 9019 approving the proposed settlement resulting in allowance of the Claim, pursuant to 11 U.S.C. § 502 in the Compromise Claim Amount. Approval of the settlement and allowance of the Claim in the Compromise Claim Amount will result in dismissal of the state court action with prejudice.

20. Under Fed. R. Bankr. P. 9019, a compromise and settlement should be approved if the Court finds that the settlement is fair and equitable, reasonable and in the best interest of Debtors' estates. See e.g., In Re: Ionosphere Clubs, Inc. 156 B.R. 414, 426

M EFC 1068222 v1
2790478-000001 02/18/2008

Case 01-28002    Doc 983    Filed 02/21/08    Entered 02/21/08 23:37:08    Desc Main
Document    Page 5 of 8

*Page 5 of 8*
*BEP Services, L.P., et al*
*Motion to Allow Claim*
*in Agreed Upon Amount*

(S.D.N.Y. 1993), Aff'd, 17 F.3d 600 (2d Cir. 1994). In exercising its discretion in deciding whether to approve a settlement, the Bankruptcy Court must make an independent determination that the settlement is fair and reasonable. Nellis v. Shugrue 165 B.R. 115, 122-23 (S.D.N.Y 1994). The Court may consider the opinions of the Trustee that the settlement is fair and reasonable. Id.; accord In re: Purofied Down Prods. Corp., 150 B.R. 519, 522 (S.D.N.Y 1993).

21. In addition, the Bankruptcy Court may exercise its discretion "in light of the general public policy favoring settlements." In Re: Hibbard Brown & Co., Inc., 217 B.R. 41, 46 (Bankr S.D.N.Y. 1998). In evaluating a proposed compromise, the Courts generally consider the following factors:

   a. the balance between the likelihood of success compared to the present and future benefits offered by the settlement;

   b. the prospect of complex and protracted litigation, if settlement is not approved;

   c. proportion of class members who do not object or affirmatively support the proposed settlements;

   d. the competency and expertise of counsel who support the settlement;

   e. the relative benefits to be received by individuals or groups within the class;

   f. the nature and breath of the releases to be obtained by officers and directors; and

   g. the extent to which settlement is the product of arms' length bargaining.

   See In re: Texaco, Inc. 84 B.R. 14(Bankr. S.D.N.Y. 1988).

Case 01-28002   Doc 983   Filed 02/21/08   Entered 02/21/08 23:37:08   Desc Main
Document   Page 6 of 8

*Page 6 of 8*
*BEP Services, L.P., et al*
*Motion to Allow Claim*
*in Agreed Upon Amount*

22. Considering a totality of the particular facts and issues involved in the state court litigation providing the basis for the Claim, the Trustee submits that the proposed compromise, resulting in allowance of the Claim in the Compromise Claim Amount, is fair, reasonable and equitable and take into consideration the likelihood of success as balanced against the likely benefit of protracted litigation, the costs and potential outcome therefrom. The allowance of the Claim in the Compromise Claim Amount is the product of arms' length bargaining, including the result of a mediation conducted in the state court action.

**NOTICE**

23. As the Class 2G, 2H, and if the claims in these two classes are satisfied, the Class 2I claims are the only potentially affected parties, the Trust and BEP move the Court to limit notice of this Motion to the allowed claims in Class 2G along with the 2H and 2I Claimants.

*Page 7 of 8*
*BEP Services, L.P., et al*
*Motion to Allow Claim*
*in Agreed Upon Amount*

_____

## CONCLUSION

For the foregoing reasons, BEP and the Trust respectfully request an Order granting the relief requested herein, allowing the Claim in the Compromise Claim Amount pursuant to 11 U.S.C. § 502 and for such further and other relief as the Court deems just.

    Respectfully submitted,

    BAKER DONELSON BEARMAN
    CALDWELL & BERKOWITZ, P.C.


    /s/ E. Franklin Childress, Jr.
    E. Franklin Childress, Jr. (TN 07040)
    165 Madison Avenue, Suite 2000
    Memphis, Tennessee  38103
    Telephone:  901.577.2147
    Facsimile:  901.577.0845
    Email:  fchildress@bakerdonelson.com

    Attorney for George Stevenson, Successor Trustee


    /s/ John L. Ryder
    John L. Ryder (TN 08258)
    HARRIS SHELTON HANOVER
    & WALSH PLLC
    One Commerce Square, Suite 2700
    Memphis, Tennessee  38103
    Telephone:  901.525.1455
    Facsimile:  901.526.4804
    Email:  jryder@harrisshelton.com

    Attorney for BEP Services, L.P.

Case 01-28002    Doc 983    Filed 02/21/08    Entered 02/21/08 23:37:08    Desc Main
              Document      Page 8 of 8

*Page 8 of 8*
*BEP Services, L.P., et al*
*Motion to Allow Claim*
*in Agreed Upon Amount*

_____

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been electronically filed using the CM/ECF System and forwarded electronically to James Wade and David Cocke, representatives of the BEP Creditor's Trust beneficiaries this 21st day of February, 2008.

                                              /s/ E. Franklin Childress, Jr.